E. L. Doughty et al., Respondents, *v.* The Manhattan Brass Company, Appellant.

(Argued January 20, 1886; decided February 9, 1886.)

This was an action to recover damages for an alleged breach of a contract for the sale of a quantity of hoop-brass.

The following is the opinion :

"The contract upon which the plaintiffs rely is contained in letters written by one or the other party, and the only question upon this appeal is whether their true construction discloses an agreement valid under the statute of frauds. (2 R. S., tit. 2, p. 2, chap. 7, § 3, subd. 1.) The appellant's contention is that 'the contract relied upon is not contained in any note or memorandum subscribed by the defendant,' and as I understand the argument, it rests mainly upon the assumption that the only reference to price is contained in a postscript to the defendant's letter of September 12, 1879, and that this postscript is not subscribed.

"The defendant was a maker of brass hoops, and the plaintiffs, as manufacturers of cedar ware, required that article. Business relations had existed between them for several years, and on the 12th of September, 1879, the defendant wrote concerning certain orders already received, giving some general information relating to the present and probable future price of brass, and duly subscribed the same. Below the signature were these words : 'P. S. Will make price for November and December 17c. lb.' It is plain that the signature was intended to authenticate the paper, and in such case it is immaterial upon what part it is placed, whether at the beginning or the end, or in the middle. The postscript was an afterthought, but it was verified as effectually for the purposes of correspondence as if written in the body of the letter to which it was added, and into which by reference it may be deemed incorporated. In response to this letter, the plaintiffs, under date of September 15, 1879, gave a written order signed by them for 'two tons of eleven-sixteenths hoop brass November 1, two tons December 1,' and under date of September seventeenth the

defendant wrote: ' Your order for November and December to hand and booked.'

"In another written communication dated October 6, 1879, and sent to and received by the plaintiffs, the defendant said: ' We will not fail to ship one thousand pounds per week or more until your order is filled.' These writings were subscribed by the defendant. If the letter of September twelfth stood alone as containing the contract, it would be necessary to hold that it was not subscribed within the intent of the statute (*James* v. *Patten*, 6 N. Y. 9); but all the letters above referred to are so connected by their contents as together to constitute a note or memorandum for the sale of four tons of hoop brass at seventeen cents per pound, to be delivered one-half November first, and the other half December first. The proposal and final acceptance import a consent of both parties, and create an obligation on the part of the plaintiffs to take and pay for the same, as delivered. It is said, however, by the learned counsel for the appellant that the order of September fifteenth was indefinite, because it did not specify the required thickness of the hoop, nor a stipulated time of payment. It is apparent, however, that earlier orders had been given and in part filled, and the one in question called for the same article but at a different price. If otherwise, however, there was neither ambiguity in the contract nor any difficulty in performing it according to its terms. No term of credit was bargained for, and although the complaint alleges that by the agreement payment was to be made on the first of the month after the goods were received, that allegation was not proved, and the question presented was simply one of variance between the complaint and proof which the trial court might properly disregard. We think the note or memorandum sufficient to express a contract. The verdict of the jury, upon evidence sufficient for their consideration, establishes the breach of that contract by the defendant and damages incurred by the plaintiffs in consequence of it.

"We find no error, therefore, in the judgment appealed from and think it should be affirmed."

*S. B. Brownell* for appellant.

*E. More, Jr.*, for respondents.

DANFORTH, J., reads for affirmance.
All concur.
Judgment affirmed.