JAMES C. McGERAGLE v. AUGUSTUS F. BROEMEL.

1. When a contract in writing, whereby a painter agreed with an owner to do all the painting on certain houses agreeably to specifications signed by the parties and annexed to the contract, and to provide such good, proper and sufficient materials as shall be proper and sufficient for completing all said painting of the building mentioned in the specification, was executed, there was annexed thereto a letter signed by the painter, showing the kind and quality of materials to be used, and how they were to be applied. *Held,* that such a letter was a specification within the meaning of the contract, and became part of the contract which was to be construed therewith.

2. The contract was offered and received in evidence, but the letter was not then attached. *Held,* that it was erroneous to exclude evidence that it was attached to the contract at its execution.

On *certiorari* to District Court.

Argued at February Term, 1890, before Justices KNAPP and MAGIE.

For the prosecutor, *P. W. Cross.*

For the defendant, *W. B. Guild.*

The opinion of the court was delivered by

MAGIE, J. This writ has brought up the judgment of a District Court in a cause in which the matter in dispute exceeded $200 and did not exceed $300. It may be here reviewed upon any objection taken by exception and sealed by the judge of the court at the trial. *Rev. Sup., p.* 263, § 13.

A single exception is presented, taken and sealed at the trial under the following circumstances:

The action was upon contract. The declaration contained only the common counts in assumpsit, and there was annexed a bill of particulars containing an account for painting six houses, at $50 each.

The plea was the general issue.

At the trial the plaintiff below put in evidence a written contract under seal between him and the defendant below for doing the painting for which suit was brought. By its terms the plaintiff below agreed to finish and complete all the painting of six houses " agreeably to the drawings and specifications made for that purpose, and signed by the said parties and hereunto annexed," and also to " find and provide such good, proper and sufficient materials of all kinds whatsoever as shall be proper and sufficient for the completing and finishing all the painting of the said building mentioned in the specification," for the price of $50 for each house.

This contract was received in evidence, although there were no specifications annexed.

Afterward the defendant below offered to prove that when the contract was executed, a letter addressed to him by the plaintiff below, signed by the latter, showing, among other things, the kind and quality of materials to be used in the work, and how they were to be applied to the houses, was attached to and formed part of the contract, from which it had been accidentally detached. This offer was rejected, and the exception now presented was taken.

I am unable to discover how the ruling complained of can be supported.

When the rejected offer was made, plaintiff below relied for recovery on the written contract and the work done thereunder.

If a recovery could have been had, it must have been either on the ground that the contract, although without annexed specifications, was complete, or on the ground that, the contract being incomplete, a recovery on a *quantum meruit* was permissible. On either ground it was clearly competent for the defendant below to show that the contract in evidence was not the whole contract made, but was incomplete. Had an offer been made to show that specifications such as are usually annexed to such contracts had in fact been attached to this contract when executed, I apprehend that the admissibility of such evidence could not have been doubted. It could not

have tended to vary the written contract, as is argued, because one clause therein refers to annexed specifications and shows the parties contemplated such annexation. When a contract refers to another writing, which it identifies, and makes that writing a part of its terms, it is well settled that the writing referred to is incorporated into and must be read as part of the contract.

The only question is, whether the letter mentioned in the offer was admissible as a specification referred to in the contract. By the offer it appears that the letter did specify, among other things, the quality of the materials and the mode of doing the work agreed on. In this respect it performed the function of a specification, and ought to be construed as such within the meaning of the contract.

It has not been, and, I think, cannot be, contended, that the rejection of the letter may be sustained on the ground that it was signed by only one of the parties to the contract, while the clause in question refers to a specification signed by the parties. But that reference was designed merely for identification. The obligation of the parties depended on the signature to the contract. If such a letter was shown to have been annexed to the contract at its execution, I think it unquestionable that it would have thus been identified as the specification referred to in the contract. Its annexation supplied one of the specified modes of identification; the other, the signature of the parties, may be deemed satisfied by the signature to the contract to which it was annexed, as a signature to a letter authenticates its postscript. *Doughty* v. *Manhattan Co.*, 101 *N. Y.* 644.

It is hardly necessary to add that proof of the complete contract was material, for it is obvious that in no other mode could defendant below set up the defence of non-performance of the contract, or put his adversary to the proof either of performance or of acceptance of the work, such as to justify a recovery. *Bozarth* v. *Dudley*, 15 *Vroom* 304.

The evidence was erroneously rejected, and for this error the judgment must be reversed.