### WHEELER *et al. v.* BRITTON.

*(Supreme Court, General Term, Second Department.* February 8, 1892.)

SALE—FAILURE TO ACCEPT GOODS—EVIDENCE.

Plaintiffs proposed to sell and deliver to defendant "not less than 3,500 tons of ice, and 4,000 if it holds out." Defendant by letter accepted plaintiffs' offer "to deliver 3,500 to 4,000 tons of good ice, if the houses hold that amount." One of plaintiffs' houses burned down, destroying and injuring a part of its contents. *Held*, in an action by plaintiff to recover damages for failure to accept ice delivered after the fire, that the contract did not restrict him to the ice contained in the houses mentioned in defendant's letter, and that he had a right to furnish the minimum amount called for at all hazards from other sources.

Appeal from Richmond county court.

Action by Walter M. Wheeler and others against Elizabeth A. Britton for failing to accept ice sold. Plaintiffs' proposition of sale was as follows: "I will deliver you not less than three thousand and five hundred tons of ice, and four thousand if it holds out that much, along-side of dock at Staten island, * * * at three dollars per ton." Plaintiffs' ice was contained in ice-houses near Troy. Defendant replied by letter: "Am in receipt of your letter of this date offering to deliver 3,500 to 4,000 tons of good ice, if the houses hold that amount, along-side of docks, * * * at three dollars per ton. * * * I would hereby accept your offer, and agree to the same." From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Walter R. Beach,* for appellant. *Merritt & Ryan,* for respondents.

BARNARD, P. J. The plaintiffs aver in their complaint, for a cause of action against the defendant, that she agreed with the plaintiffs in July, 1889, to buy of them from 3,500 to 4,000 tons of ice at $3 per ton on the dock at Staten Island; that the plaintiffs agreed to sell and deliver that amount at said price; that after about 1,500 tons were delivered the defendant refused further to carry out the contract; that the breach of contract on her part occasioned a loss to the plaintiffs of $3,000. The defendant, by her answer, put in issue the contract as stated; that the ice was to be taken from an ice-house which was consumed by fire before the first delivery; that the ice was to be good, pure ice, from 10 to 13 inches thick; that when the ice-house burned down the plaintiffs put an end to the contract; that a new contract was made for one boat-load at $2.50 a ton, and subsequently to its delivery still another contract was made, at $3 per ton, similar in quality to this called for by the first contract; that the ice delivered under this contract was pure, and that the defendant finally refused to receive the ice which the plaintiffs offered to deliver. Upon the trial before the jury of this issue, proof was given tending to show a contract as claimed by plaintiffs; that one ice-house did burn down, but that defendant required the plaintiffs to buy other ice to carry out the contract; that the plaintiffs did buy other ice, and that it was good ice; that two boat-loads of this purchased ice was delivered at $2.50 a ton, so that the defendant could see what it was in quality; that the ice was deemed good by defendant, and the second boat-load taken on, but that was paid for at the

original rate of $3 per ton, and the plaintiffs agreed to fulfill the contract. In October, 1889, the defendant refused to receive ice under the contract. A loss of over $2,000 was shown. The defendant gave evidence tending to show that the ice was not good. The witnesses were numerous and the evidence very conflicting on this issue,—as to the condition of the ice delivered and tendered. The issue sent to the jury was whether "good, merchantable ice" was sent under the contract. The jury have found that the ice was such as the contract called for,—was as good as that in the burned ice-house. The letters which formed the contract did not specify any particularly located ice, and under it the plaintiff was bound to deliver not less than 3,500 tons. The ice was in certain houses when the contract was made, and part of the houses were burned. The defendant was right in claiming the minimum amount called for at all hazards. *Booth* v. *Rolling-Mill Co.,* 60 N. Y. 487. It is not necessary to examine in detail the exceptions taken. A class of such exceptions rests upon the claim that the ice sold was in certain houses. Another class of exceptions rests upon rejection of oral proof of conversation before the contract was made. The contract was complete under the letters. *Doughty* v. *Brass Co.,* 101 N. Y. 644, 4 N. E. Rep. 747. Another class of exceptions is based upon the exclusion of declarations of ice consumers who obtained the ice in question. Such evidence was hearsay. The consumers should themselves have been produced. Another class of exceptions refers to a ruling which could do no harm, and no judgment can properly be reversed for exceptions taken when the subject of them was not injurious to the case. The judgment and order denying new trial should therefore be affirmed, with costs. All concur.